UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

BUILDING TRADES UNITED PENSION TRUST FUND,
NACARCI FEASTER, PAINTERS LOCAL 781 HEALTH FUND,
PAINTERS LOCAL 781 APPRENTICESHIP FUND,
JOEL ALLEN, INDUSTRY ADVANCEMENT
PROGRAM/CONTRACT ADMINISTRATION FUND,
WISCONSIN MASONS APPRENTICESHIP &
TRAINING FUND, WISCONSIN MASONS IAP/CLMC
FUND, JEFFREY LECKWEE, BRICKLAYERS AND ALLIED
CRAFTWORKERS DISTRICT COUNCIL OF WISCONSIN,
WISCONSIN LABORERS HEALTH FUND, BUILDING
& PUBLIC WORKS LABORERS VACATION FUND,
WISCONSIN LABORERS APPRENTICESHIP &
TRAINING FUND, JOHN J. SCHMITT, WISCONSIN LABORERS
INDUSTRY ADVANCEMENT PROGRAM FUND,
WISCONSIN LABORERS-EMPLOYERS COOPERATION
AND EDUCATION TRUST FUND, and
WISCONSIN LABORERS DISTRICT COUNCIL,

               Plaintiffs,

v.                                      Case No. 12-C-1171

JOHN RANSON CONSTRUCTION INC.,
JOHN RANSON,

               Defendants.

---

ORDER REQUIRING EVIDENCE OF NONSERVICEMEMBER STATUS

On November 6, 2012, plaintiffs filed this lawsuit against John Ranson Construction Inc. and John Ranson. The latter defendant is an individual. Following service of process, defendants failed to answer or otherwise respond to the complaint, and on March 12, 2013, the clerk entered default against defendants. Plaintiffs now move for default judgment against both defendants. The motion for default judgment against the company will be addressed in a separate order.

Regarding plaintiffs' motion for default judgment against John Ranson, the court finds that plaintiffs have not demonstrated compliance with the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-596, which protects persons in the military against default judgments. Section 521 provides that before any default judgment can be entered in favor of a plaintiff, the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" or else stating that the plaintiff has been unable to determine whether the defendant is in the military service. 50 U.S.C. App. § 521.

Plaintiffs must provide an affidavit describing, for instance, a search of the Defense Manpower Data Center's Servicemembers Civil Relief Act database or other evidence that John Ranson is not in active service in the military. They do not need to refile any of their other default judgment materials. Therefore,

IT IS ORDERED that plaintiffs file within fourteen days an affidavit regarding John Ranson's nonservicemember status.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2013.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE